UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>   v.<br><br>JUSTIN GALE MATA,<br><br>                         Defendant. | Case No. 21-cr-02063-BAS-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE (ECF No. 142)** |

       The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

       In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based these amendments, Defendant Justin Gale Mata now files a Motion for Reduction of Sentence.  (ECF No. 142.)   The Court referred the case to the Federal Defenders Office to assess whether counsel was necessary.  (ECF No. 145.)  Federal Defenders filed a Status Report indicating that the "Court can decide the motion on the existing record without further assistance of counsel."  (ECF No. 145.)  The Government filed an Opposition to Defendant's Motion.  (ECF No. 146.)

As the Government points out in its Opposition, Defendant was neither a zero-point offender, nor did he receive any additional criminal history points under the old § 4A1.1(d) of the Sentencing Guidelines.  (Presentence Report ¶¶ 59–75, ECF No. 97.)  Therefore, he does not qualify for relief under the new amendments.

For these reasons, the Motion to Reduce Sentence (ECF No. 142) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge